UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN GOLDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NYP HOLDINGS, INC.,<br><br>　　　　　Defendant. | Civil Action No.<br><br>*(to be assigned by the Clerk)*<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Justin Goldman, proceeding *pro se*, alleges as follows:

**NATURE OF THE ACTION**

1.　This is an action for copyright infringement arising from the unauthorized public display of Plaintiff's copyrighted photograph commonly known as "Tom Brady in the Hamptons with the Boston Celtics."

2.　Defendant NYP Holdings, Inc. publishes and operates the New York Post and related commercial sports-media services. NYP Holdings identifies itself as the publisher of the New York Post.

3.　Vinny Bonsignore publicly displayed Plaintiff's copyrighted photograph in an X/Twitter post located at:

https://x.com/VinnyBonsignore/status/749331086132457472/photo/1

4.　The photograph was used without Plaintiff's authorization, license, or consent.

1

5.    Upon information and belief, Bonsignore is or became a New York Post sports journalist and used the X account at issue as part of his professional sports-reporting identity, audience, and commercial media activity.

6.    The infringing post remained publicly available and continued to enhance Bonsignore's professional sports-media account and audience.

7.    Upon information and belief, NYP Holdings adopted, benefited from, encouraged, controlled, ratified, or continued to benefit from Bonsignore's professional social-media account and the sports audience developed through that account.

8.    Plaintiff brings this action against NYP Holdings for vicarious and contributory copyright infringement and, to the extent discovery establishes agency or ratification, direct liability arising from the continued professional use and exploitation of the infringing post.

## PARTIES

9.    Plaintiff Justin Goldman is an individual residing in New York, New York.

10.    Plaintiff is the author and copyright owner of the photograph at issue.

11.    Defendant NYP Holdings, Inc. is a corporation that publishes the New York Post and operates commercial news and sports-media services directed to readers in New York and elsewhere.

12.    Upon information and belief, Defendant employs, contracts with, directs, or otherwise controls sports journalists and their professional media activity, including professional social-media use associated with New York Post reporting.

## JURISDICTION AND VENUE

13.    This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

14.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Defendant because Defendant is a New York publisher, conducts substantial business in this District, and directs commercial media services to readers in this District.

16. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because Defendant resides or may be found in this District and a substantial part of the injury occurred here.

## FACTUAL ALLEGATIONS

17. Plaintiff created and owns the photograph titled "Tom Brady in the Hamptons with the Boston Celtics."

18. The photograph depicts Tom Brady in the Hamptons in connection with efforts to recruit Kevin Durant to the Boston Celtics.

19. The photograph is registered with the United States Copyright Office, including under Registration No. VAU 1-250-526.

20. Plaintiff has not licensed NYP Holdings or Bonsignore to reproduce, display, distribute, post, or otherwise exploit the photograph.

21. On or about July 2016, Bonsignore published an X/Twitter post displaying Plaintiff's photograph.

22. The post appeared at the URL identified above.

23. The post displayed the photograph to the public without Plaintiff's authorization.

24. The post concerned a major professional sports news story involving Tom Brady, Kevin Durant, and the Boston Celtics.

25. The post was made through an account used by Bonsignore to publish sports reporting, commentary, and professional media content.

26.    The account developed a sports audience, professional reputation, engagement, and commercial value through such sports-related postings.

27.    The infringing post remained publicly accessible after its initial publication.

28.    Upon information and belief, Bonsignore later became affiliated with or employed by the New York Post as a sports journalist.

29.    Upon information and belief, NYP Holdings used or benefited from Bonsignore's existing professional social-media audience in connection with his work for the New York Post.

30.    Upon information and belief, NYP Holdings encouraged or expected its sports journalists to maintain professional social-media accounts, distribute sports reporting, cultivate audiences, and promote journalism through those accounts.

31.    Upon information and belief, NYP Holdings possessed the contractual or practical ability to direct, supervise, restrict, or require removal of infringing content maintained on professional accounts used in connection with New York Post employment.

32.    Upon information and belief, NYP Holdings benefited from Bonsignore's professional social-media activity through increased readership, audience reach, brand exposure, traffic, subscriptions, and sports-media engagement.

33.    Defendant knew or should have known that professional sports accounts frequently use third-party photographs and that such photographs require permission.

34.    Defendant failed to implement or enforce adequate copyright-clearance procedures concerning professional social-media accounts used by its journalists.

35.    Defendant failed to require removal of Plaintiff's photograph.

36.    Plaintiff previously litigated the online display of this exact photograph in *Goldman v. Breitbart News Network, LLC*, where the Southern District of New York granted

4

Plaintiff partial summary judgment on the display-right issue involving embedded tweets.

37.   Plaintiff has been deprived of licensing revenue and control over the use of his work.

38.   Defendant received direct or indirect commercial benefit from the continued professional audience and media activity associated with the account.

## FIRST CLAIM FOR RELIEF

### Vicarious Copyright Infringement

39.   Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40.   Plaintiff owns a valid copyright in the photograph.

41.   The photograph was publicly displayed without authorization.

42.   Upon information and belief, Defendant had the right and ability to supervise, control, restrict, direct, or require removal of infringing content maintained through professional social-media activity associated with its employee or journalist.

43.   Defendant had the ability to implement and enforce copyright policies governing professional social-media accounts used in connection with New York Post employment.

44.   Defendant received a direct financial benefit from Bonsignore's professional sports audience, social-media engagement, journalistic identity, and promotional reach.

45.   Defendant is vicariously liable for the continued unauthorized display of Plaintiff's photograph.

46.   Plaintiff suffered damages as a direct and proximate result.

## SECOND CLAIM FOR RELIEF

### Contributory Copyright Infringement

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendant knew or had reason to know that professional social-media accounts used by sports journalists could contain copyrighted photographs.

49. After acquiring knowledge of the infringement, Defendant possessed the ability to require corrective action or removal in connection with professional activity under its control.

50. Defendant materially contributed to or facilitated the continued infringement by benefiting from the professional account and failing to require removal after notice.

51. Defendant is contributorily liable for the continued infringement.

52. Plaintiff suffered damages as a direct and proximate result.

### THIRD CLAIM FOR RELIEF

Direct Copyright Infringement

(Pleaded in the Alternative)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. To the extent discovery shows that Defendant directed, adopted, republished, embedded, promoted, authorized, or ratified the post as part of New York Post professional activity, Defendant itself caused or participated in the public display of Plaintiff's photograph.

55. Such conduct violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

56. Defendant's conduct constitutes infringement under 17 U.S.C. § 501.

57. Plaintiff is entitled to damages and all other available relief.

### PRAYER FOR RELIEF

6

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A.    A declaration that Defendant infringed or is secondarily liable for infringement of Plaintiff's copyright;

B.    Actual damages and Defendant's profits attributable to the infringement;

C.    Statutory damages to the extent legally available;

D.    Injunctive relief requiring removal of the photograph and prohibiting further unauthorized use;

E.    Costs and attorneys' fees to the extent available under 17 U.S.C. § 505;

F.    Prejudgment and post-judgment interest; and

G.    Any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: July 9, 2026

 New York, New York



        Respectfully submitted,



        _____

        Justin Goldman
        *Plaintiff, Pro Se*

        New York, New York